**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mohammad Kazerouni, Esq. (SBN: 252835)
mike@kazlg.com
Gouya Ranekouhi, Esq. (SBN: 288267)
gouya@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**HYDE & SWIGART**
Robert Hyde, Esq. (SBN 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DENISE SOLIZ; Individually And On Behalf Of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MENDOTA INSURANCE COMPANY,**<br><br>**Defendant.** | **Case No.:**<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. California Bus. & Prof. §§ 17200 et seq.<br>2. Fraud<br><br>**JURY TRIAL DEMANDED** |


## INTRODUCTION

1. Plaintiff DENISE SOLIZ (hereinafter "SOLIZ" or "Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of MENDOTA INSURANCE COMPANY (hereinafter "MENDOTA" or "Defendant") and for willfully and knowingly failing to pay Defendant's pro rata share of litigation costs and fees as it pertains to medical payment coverage reimbursements as to indicate a general business practice. Plaintiff alleges as upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by her attorneys.

## JURISDICTION AND VENUE

2. This Court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of La Habra, County of Orange, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

    (a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

    (b) does substantial business within this district;

    (c) is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

    (d) the harm to Plaintiff occurred within this district.

## PARTIES

4. Plaintiff is an individual who at all relevant times herein alleged, has resided in the City of La Habra, in the State of California.

5. Plaintiff believes and thereupon alleges that at all relevant times herein alleged, MENDOTA has been an insurance company, incorporated and headquartered in the State of Minnesota, and does business in the County of Orange, in the State of California.

## FACTUAL ALLEGATIONS

6. Plaintiff believes and thereupon alleges that at all relevant times herein alleged, Defendant advertised themselves to the public and consumers at large, such as Plaintiff, as an insurance provider and one of the premier provides of specialty insurance in the United States. Defendant advertised, and continues to advertise, that its commitment to superior service for its customers and agents is what sets them apart from other insurance companies.

7. At all relevant times herein alleged, Plaintiff was considered an insured under a Medical Payments Coverage provision provided by MENDOTA insurance policy ("Policy").

8. On February 2, 2014, 2013, Plaintiff was involved in an automobile accident. As a result of the accident, Plaintiff sustained personal injuries for which she received medical treatment.

9. As a result of the injuries sustained, Plaintiff, through counsel, pursued an action against Trey Riggs (from hereinafter "Riggs"), the driver of the other automobile involved in the automobile accident.

10. On February 12, 2014, Plaintiff's then counsel requested from Defendant a written confirmation of coverage for the insured, Plaintiff.

11. On February 17, 2014, Defendant acknowledged receipt of Plaintiff's counsel's letter and sent a copy of client's declaration page, which referenced Part C of the Policy that pertained to Medical Payments.

12. Per the Policy with Defendant, Plaintiff, submitted requests to Defendant for payment under the medical payment provision of the Policy, and Defendants paid a total of $5000.00.

13. Sometime thereafter, Plaintiff reached a settlement agreement with Trey Riggs' insurance, Geico General Insurance Co. for Plaintiff's damages in the amount of $5,700.00.

14. On or about August 20, 2014, Defendant sent a letter informing Plaintiff that Defendant had made a total payment to Plaintiff in the amount of $5000.00. This letter indicated Defendant was seeking reimbursement for the medical payments made to Plaintiff for Plaintiff's injuries.

15. Although the August 20, 2014 letter provides that Defendant is seeking and expects to be reimbursed two-thirds of what it paid out, it entirely failed to provide a reasonable explanation as to the facts or applicable law Defendant considers in denying a claim or for any offer of a compromise settlement as it pertains to reimbursement of medical payments. Specifically, the letter failed to inform Plaintiff that Defendant was required to pay Defendants' pro rata share of attorney fees and costs if there was any recovery by Plaintiff from the third party and fails to inform how Defendant derived at its expectation.

16. The August 20, 2014 letter written by Defendant never inquired about the actual litigation costs or attorney fees expended by Plaintiff in securing the settled recovery. Instead, they demanded and received approximately 66% of the medical payments. The letter specifically indicated "Medical Payments only 2/3 Recovery Expected" and indicated an amount of $3,330.00 to be returned to Defendant. A true and correct copy of the August 20, 2014 letter is attached hereto as Attachment 1.

17. On September 22, 2014, Plaintiff's then counsel issued a reimbursement check in the amount of $3,330.00 to Defendant as a reimbursement.

18. Plaintiff believes and thereon alleges that pursuant to California law, Defendant had a legal obligation to pay its pro rata share of litigation costs and fees when recovering medical payment reimbursement from its insured.

19. Plaintiff believes and thereon alleges that Defendant knew of its obligation to pay its pro rata share of litigation costs and fees when recovering medical payment reimbursement from its insured.

20. Plaintiff believes and thereon alleges that Defendant has a practice of making arbitrary demands for reimbursement of medical payments that are devoid of any clear formula and without consideration of its insured's litigation costs and attorney fees expended.

21. Plaintiff believes and thereon alleges that Defendant never advise nor inform its insured of Defendant's legal obligation to pay its pro rata share of litigation costs and fees when recovering medical payment reimbursement from its insured.

22. Plaintiff believes and thereon alleges that Defendant's conduct as herein alleged is standard procedure for Defendant, and Defendant willfully and knowingly conduct Medical Payment Reimbursement in the manner herein described with such frequency as to indicate a general business policy and practice.

23. Plaintiff believes and thereon alleges that Defendant's conduct as herein alleged is carried out willfully and without regard for the wellbeing of Plaintiff and other similarly situated consumers' and that Defendant's conduct disregards and avoids any attempt at making Plaintiff and other similarly situated consumers whole.

24. Plaintiff believes and thereon alleges that Defendant's conduct is an attempt to maximize Defendant's profit and limit the amount paid out on behalf of its insured.

25. Plaintiff believes and thereon alleges that Defendant continuously

deprives its insured of Defendant's pro rata share responsibility of litigation costs and fees associated with medical payment reimbursement recovery.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of herselg and on behalf of all others similarly situated ("The Class").

27. Plaintiff represents, and is a member of, "The Class," which is defined as follows:

> "All persons in California who have received payment from Defendant under an automobile insurance policy provided by Defendant, which included Medical Payment Coverage, and who recovered for injuries sustained through legal counsel, and from whom Defendant requested reimbursement for Medical Payments without paying Defendant's pro rata share of litigation costs and/or fees, within four years prior to the filing of the original Complaint in this action."

28. Defendant, and its employees and agents are excluded from The Class.

29. Plaintiff does not know the number of members in The Class, but believes this number to be in the tens of thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

30. This suit seeks only monetary damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

31. The joinder of The Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the

parties and to the Court. The Class can be identified through Defendant's records.

32. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

a. Whether Defendant has a policy of making arbitrary settlement demands devoid of any basis in fact or law for reimbursement of medical payments and without consideration of Defendant's pro rata share responsibility for litigation costs and fees;

b. Whether Defendant should be required to inform its insured of Defendant's responsibility to pay Defendant's pro rata share of litigation fees and costs;

c. Whether Plaintiff and The Class were damaged thereby, and the extent of damages for such violations;

d. Whether such conduct violates California law; and

e. Whether Defendant should be enjoined from engaging in such conduct in the future.

33. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to a full refund of medical payment reimbursements paid to Defendant.

34. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interest antagonistic to any member of The Class. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

35. Plaintiff and the members of The Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, The Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and

Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

36. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with California law. The interest of The Class members in individually controlling the prosecution of separate claims against Defendant is small because the restitution owed to each individual member is relatively small compared to the expense and burden of prosecuting individual cases. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

37. Defendant has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

## FIRST CAUSE OF ACTION
## CAL. BUS. & PROF. CODE §§ 17200 ET SEQ
### (California's Unfair Competition Law)

38. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if fully stated herein.

39. "Unfair competition" is defined in Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," three of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, and (3) the practice of an "unfair, deceptive, untrue or misleading advertisement". The definitions in § 17200 are disjunctive, meaning that each of these "wrongs" (Plaintiff alleges all three here) operates independently from the others.

40. Plaintiff and Defendant are each "person[s]" as defined by California Business & Professions Code § 17201.

41.  California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

### a. "UNLAWFUL BUSINESS ACT" PRONG

42.  Defendant's failure to consider and pay its pro rata share of attorney fees and costs is an "unlawful" business act or practice under §17200, in that Defendant's conduct is a violation of long standing and existing case law which requires Defendant to pay a pro rata share of its insured's attorney fees and costs when Defendant seeks reimbursement from its insured out of funds obtained by its insured's from a responsible third party.

43.  For at least the four years prior to the filing of this action, and as set forth above, Defendant has committed acts of unfair competition as defined by Business & Professions Code §§ 17200 et seq., by failing to determine the attorney fees and costs expended by its insured to recover funds from third parties, and by failing to pay Defendant's pro rata share of those attorney fees and costs.

### b. "UNFAIR BUSINESS ACT" PRONG

44.  Defendant's actions and representations constitute an "unfair" business act or practice under §17200, in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  Without limitation, it is an unfair business act or practice for Defendant to refuse and fail to inform Plaintiff, and similarly situated consumers, of Defendant's obligation to pay its pro rata share of litigation costs and fees when asking for medical payment reimbursements.  This conduct forces consumers, such as Plaintiff, to solely carry the burden of litigation and the costs associated therewith for the benefit of Defendant.

45.  For at least the four years prior to the filing of this action, and as set forth above, Defendant has committed acts of unfair competition as defined by Business & Professions Code §§ 17200 et seq., by failing to inform its insured

1   that Defendant was responsible for its pro rata share of litigation costs and fees.

### c. "UNFAIR, DECEPTIVE, UNTRUE, OR MISLEADING ADVERTISMENT" PRONG

46.  Defendant's advertisement practices are unfair, deceptive, untrue, and misleading and are a violation §17200, in that Defendant's conduct are substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  Without limitation, Defendant advertised and continues to advertise a promise to protect consumers, and provide fast and caring services and to be there when consumers need them most. However, in practice, Defendant has failed such advertised promises and have kept consumers, such as Plaintiff, in the dark as to what factors and facts are considered by Defendant in determining the amount of medical payments reimbursement, and have continuously withheld from informing consumers of Defendant's obligation to pay its pro rata share of litigation costs and fees.  As such, consumers, such as Plaintiff, are left without important information as to its rights and the obligations of Defendant solely to the detriment of Plaintiff and similarly situated individuals.

47.  Plaintiff and other members of The Class could not reasonably have avoided the injury suffered by each of them. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

48.   There were reasonably available alternatives to further Defendant's legitimate business interest, other than the conduct described herein.

49.  The unlawful and unfair business practices of Defendant, as described above, present a continuing threat to consumers in that they will continue to be left uninformed without a reasonable understanding of what they might expect to have to pay back for medical payment reimbursement to

Defendant.

50. As a direct and proximate result of the aforementioned acts and omissions of Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and other similarly situated consumers who were led to pay, and/or pay more for, the reimbursement of medical expenses to Defendant due to the unlawful acts of Defendant.

51. Thus, Defendant caused Plaintiff and other members of the Class to pay reimbursements of amounts Defendant was not entitled to nor could have lawfully recovered.

52. Defendant has engaged in unlawful, unfair and fraudulent business acts or practices, entitling Plaintiff to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.  Pursuant to Business & Professions Code §17203, as result of each and every violation of the Unfair Competition Law, which are continuing, Plaintiff and members of the putative class are entitled to restitution from Defendant, as set forth in the Prayer for Relief.

53. Plaintiff and members of the putative class have suffered injury in fact and have lost money as a result of Defendant's unlawful and unfair competition, as more fully set forth herein. Plaintiff and members of the putative class have been injured because they were required to reimburse Defendant an arbitrary amount without any consideration for Defendant's pro rata share responsibility for attorney fees and costs.

54. Defendant, through its acts of unlawful and unfair competition, has unfairly acquired money from Plaintiff and members of the putative class. It is impossible for Plaintiff to determine the exact amount of money that Defendant has obtained without a detailed review of Defendant's books and records. Plaintiff requests that this Court restore this money and enjoin Defendant from continuing to violate California Business & Professions Code §17200 et seq., as discussed

above.

55. Plaintiff further seeks an order requiring Defendant to make full restitution of all moneys wrongfully obtained and disgorge all ill-gotten revenues and/or profits, together with interest thereupon.

56. Plaintiff also seeks attorneys' fees and costs pursuant to, *inter alia*, California Civil Code section 1021.5.

## SECOND CAUSE OF ACTION
## FRAUD

57. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if fully stated herein.

58. Plaintiff believes and thereon alleges that Defendant, and each of them, intentionally and willfully committed fraud by demanding reimbursement from Plaintiff and those similarly situated, for the medical payments made by Defendant, in an amount greater than Defendant were entitled pursuant to Defendant's obligation to pay its pro rata share of litigation costs and fees when requesting medical payment reimbursements from its insured.

59. Plaintiff believes and thereon alleges that at all relevant times, Defendant knew that Defendant was not entitled under California law, to be reimbursed for the medical payments made by Defendant, in an amount greater than Defendant was entitled pursuant to Defendant's obligation to pay its pro rata share of litigation costs and fees when requesting medical payment reimbursement from its insured.

60. Plaintiff believes and thereon alleges that Defendant never intended to protect or keep Plaintiff and those similarly situated informed, and never intended to pay Defendant's pro rata share of litigation costs and fees when recovering medical payment reimbursement from its insured.

61. Plaintiff believes and thereon alleges that Defendant's conduct as herein alleged was committed willfully and deliberately to damage Plaintiff and

those similarly situated out of self-interest and monetary gain.

62.   Plaintiff believes and thereon alleges that Plaintiff, and other similarly situated individuals, relied on Defendant's false representations when Defendant was reimbursed for the medical payment coverage.

63.   As a result of Defendant's actions, Plaintiff and those similarly situated have paid more in medical payment coverage reimbursement to Defendant, who is not entitled to such amounts, and have been damaged thereby.

64.   The conduct of Defendant articulated herein were intended by Defendant to cause injury to Plaintiff and those similarly situated, and/or was despicable conduct carried on by Defendant, and authorized and ratified by managing agents of the corporate Defendant, with a willful and conscious disregard of the rights of Plaintiff and those similarly situated.  Such conduct subjected constituted intentional misrepresentations, deceit or concealment of material facts known to Defendant with the intent to deprive Plaintiff and those similarly situated of property, legal rights, or otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendant in an amount to be determined at the time of trial.

## PRAYER FOR RELIEF

65.   WHEREFORE, Plaintiff requests the Court grant Plaintiff and The Class members the following relief against Defendant:

- That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;
- Injunctive relief in the form of an order requiring Defendant to disgorge all medical payment reimbursement gains and awarding Plaintiff and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;
- That the Court preliminarily and permanently enjoin Defendant from

demanding compromised medical payments reimbursement without paying its pro rata share of attorney fees and costs;

- For general damages according to proof;
- For special damages according to proof;
- For exemplary or punitive damages as to Count 2;
- For costs of suit;
- For an award of reasonable attorneys fees pursuant to *California Bus. & Prof. §§ 17200 et seq;*
- For prejudgment interest at the legal rate; and
- For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

66. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 24, 2014          **KAZEROUNI LAW GROUP APC**

                                                BY:     /S MOHAMMAD KAZEROUNI
                                                        MOHAMMAD KAZEROUNI, ESQ.
                                                        ATTORNEY FOR PLAINTIFF